1  Tracy R. Williams, Bar No. 278429
   trwilliams@littler.com
2  Arya A. Zare, Bar No. 320653
   azare@littler.com
3  LITTLER MENDELSON, P.C.
   18565 Jamboree Road
4  Suite 800
   Irvine, California 92612
5  Telephone: 949.705.3000
   Fax No.:    949.724.1201
6
7  Attorneys for Defendants
   LOS ANGELES CUSTOM WINDOWS, INC.
   D/B/A RENEWAL BY ANDERSEN OF
8  ORANGE COUNTY and ANDERSEN
   WINDOWS, INC.
9

10             UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

| 13 | ADALBERTO OROPEZA, an individual, | Case No. |
|----|---|---|
| 14 | Plaintiff, | **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446** |
| 15 | v. | |
| 16 | LOS ANGELES CUSTOM WINDOWS, INC. d/b/a RENEWAL BY ANDERSEN OF ORANGE COUNTY, a Delaware corporation; ANDERSEN WINDOWS, INC., a Minnesota corporation; and DOES 1 through 10, inclusive, | |
| 17 | | *[Filed concurrently with the Declaration of David Vogt; Notice of Interested Parties; Notice of Related Cases; Civil Case Cover Sheet]* |
| 18 | | |
| 19 | Defendants. | |

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

NOTICE TO FEDERAL COURT OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND PLAINTIFF ADALBERTO OROPEZA AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants LOS ANGELES CUSTOM WINDOWS, INC. D/B/A RENEWAL BY ANDERSEN OF ORANGE COUNTY ("RBA OC") and ANDERSEN WINDOWS, INC. ("AWI") (collectively "Defendants") hereby remove the above-entitled action, Case No. 30-2021-01232832-CU-WT-CJC, from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1332, 1441 and 1446.

## STATEMENT OF JURISDICTION

1.  This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), because it is a civil action wherein the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States."

2.  As set forth below, this case meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

3.  Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c)(2), 1391, and 1446.

## PLEADINGS, PROCESS, AND ORDERS

4.  This lawsuit allegedly arises out of Plaintiff ADALBERTO OROPEZA's ("Plaintiff") employment with Defendants. On November 19, 2021, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Orange, styled *ADALBERTO OROPEZA, an individual, v. LOS ANGELES CUSTOM WINDOWS, INC. d/b/a RENEWAL BY ANDERSEN OF ORANGE COUNTY, a Delaware corporation; ANDERSEN WINDOWS, INC., a Minnesota corporation; and DOES 1 through 10, inclusive*, bearing Case No. 30-2021-01232832-CU-WT-CJC (the "Complaint"). The Complaint asserts the following nine causes of action: (1) Disability

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

2

NOTICE TO FEDERAL COURT OF REMOVAL

Discrimination in Violation of FEHA; (2) Failure to Engage in the Interactive Process in Violation of FEHA; (3) Failure to Accommodate in Violation of FEHA; (4) Failure to Prevent Discrimination and/or Retaliation in Violation of FEHA; (5) Retaliation for Requests for Accommodation in Violation of FEHA; (6) Retaliation in Violation of CFRA; (7) Failure to Provide Personnel File in Violation of Labor Code § 1198.5; (8) Failure to Timely Pay Final Wages at Termination in Violation of Labor Code §§ 201-202; and (9) Wrongful Termination in Violation of Public Policy.

5.  On November 30, 2021, Plaintiff served Defendants, through their corporate agents, with copies of the Summons and Complaint, and corresponding documents consisting of Notice of Hearing Case Management Conference, Civil Case Cover Sheet and Alternative Dispute Resolution Information Package. Attached hereto as **Exhibit A** is a true and correct copies of the respective Summons and Complaint and the corresponding documents described in this paragraph.

6.  On December 27, 2021, Defendants filed their Answer to Plaintiff's Complaint. Attached as **Exhibit B** hereto is a true and correct copy of Defendants' Answer.

7.  Pursuant to 28 U.S.C. section 1446(a), the documents attached hereto constitute all process, pleadings, and orders served upon Defendant or filed in this action.

## DEFENDANT

8.  Defendant RBA OC is a Delaware corporation with its principal place of business in the state of Minnesota.

9.  Defendant AWI is a Minnesota corporation with its principal place of business in the state of Minnesota.[1]

## TIMELINESS OF REMOVAL

10. Plaintiff caused the Summons and Complaint to be served on Defendants through their respective corporate agents on November 30, 2021. Pursuant to 28 U.S.C.

---

[1] AWI never employed Plaintiff. (Declaration of David Vogt ("Vogt Decl.") ¶ 2.)

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

3

NOTICE TO FEDERAL COURT OF REMOVAL

section 1446(b), this Notice of Removal is therefore timely filed as it is filed within thirty (30) days after Defendants are effectively served with the Summons and Complaint and within one year after commencement of this action.

## **DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. SECTION 1332**

11. Section 1332(a) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . . (1) citizens of different States[.]" This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to Section 1332(a) and may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

12. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Bank of N.Y. Mellon v. Nersesian*, 2013 WL 8284799, at *7 (C.D. Cal. 2013) (citing *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Nersesian*, 2013 WL 8284799, at *7 (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). Residence is *prima facie* evidence of one's domicile. *Sadeh v. Safeco Ins. Co.*, 2012 WL 10759737, at *4 (C.D. Cal. 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Plaintiff is a resident of the County of Orange, State of California. (Plaintiff's Complaint ("Compl."), ¶ 1.) Thus, Plaintiff is a citizen of California.

13. For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve center," which is typically a corporation's

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4

NOTICE TO FEDERAL COURT OF REMOVAL

headquarters. *Hertz Corp. v. Friend*, 559 U.S.77; 130 S. Ct. 1181, 1186; 175 L. Ed. 2d 1029, 1034 (2010).

14. At the time the Complaint was filed in state court, RBA OC was and still is "a Delaware corporation headquartered at 551 Main Street N, Bayport, MN 55003-1049." (Compl., ¶ 2.) Thus, RBA OC's principal place of business is Bayport, Minnesota, and Defendant is therefore a citizen of both Delaware and Minnesota for purposes of diversity.

15. Defendant AWI never employed Plaintiff and thus is a sham defendant. (Vogt Decl., ¶ 2.) *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th. Cir. 2001) (non-diverse sham defendant named in state court action may be disregarded).

16. Even assuming, *arguendo*, that Plaintiff was employed by AWI, complete diversity would remain intact. At the time the Complaint was filed in state court, AWI was and still is "Minnesota corporation headquartered at 551 North Maine Street, Bayport, Minnesota 55003." (Compl., ¶ 3.) Thus, AWI's principal place of business is Bayport, Minnesota, and AWI is therefore a citizen of Minnesota for purposes of diversity.

17. The Complaint names as defendants "DOES 1 through 10, inclusive." Pursuant to 28 U.S.C. section 1441, however, the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. *See Newcombe v. Adolf Coors Co., 157 F.3d 686, 690-91 (9th Cir. 1998)*.

18. As discussed in detail below, the amount in controversy in the Complaint exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, as required by Section 1332 (a) for Plaintiff.

### THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

19. Defendant needs only show by a preponderance of the evidence (more-probable-than-not) that each of the Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Although Defendant expressly denies any liability for the damages alleged in Plaintiff's

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

5

NOTICE TO FEDERAL COURT OF REMOVAL

Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not the amount, if any, that Defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

20. The Complaint and the Prayer for Relief contained therein clearly demonstrate that the amount in controversy does, in fact, exceed $75,000 for Plaintiff. Plaintiff seeks recovery of loss of earnings, lost past and future wages and benefits, job opportunities, other employment damages, and other employment benefits. (Compl., ¶¶ 29, 38, 46, 55, 89, and Prayer for Relief.) Plaintiff alleges that his employment was terminated effective March 17, 2021. (Compl., ¶ 21.) If this case proceeds to trial in December 2022, approximately one year from the date of this removal, Plaintiff would be seeking a total of one year and nine months (i.e., approximately 92 weeks) of lost wages. At the time of his alleged separation, Plaintiff was a full-time employee earning $23.00 an hour. (Vogt Decl. ¶ 2.) Thus, Plaintiff's claim for back pay, without considering overtime, benefits or any incentive pay, is approximately **$84,640.00** ($23.00 x 40 hours per week x 92 weeks), which alone exceeds the jurisdictional minimum.

21. As referenced above, the Complaint seeks loss of earnings. In addition to back pay, front pay awards in California frequently span a number of years. *See Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518, 241 Cal. Rptr. 916 (1987) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 97-98, 127 Cal. Rptr. 222 (1976) (four years); *Drzewiecki v. H & R Block, Inc.*, 24 Cal. App. 3d 695, 705, 101 Cal. Rptr. 169 (1972) (ten years). Even conservatively estimating that Plaintiff is seeking front pay benefits

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

6

NOTICE TO FEDERAL COURT OF REMOVAL

for only two years after trial, Plaintiff would be claiming **$95,680.52** ($23.00 x 40 hours per week x 104 weeks), which independently exceed the jurisdictional amount.

22.     Plaintiffs also seek to recover damages for emotional distress (Compl., ¶¶ 27, 28, 37, 46, 54, 61, 68, 90, and Prayer for Relief.)  An award of damages for emotional distress alone can reasonably be anticipated to be in excess of the jurisdictional minimum. *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (C.D. Cal. 2002) (recognizing that "emotional distress damages in a successful employment discrimination case may be substantial" and citing a case awarding $3.5 million in emotional distress damages).  In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established.  In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980.  At a minimum, a similar result is compelled here, as Plaintiff expressly seeks damages for emotional distress and a significantly greater amount of lost wages is at issue.  Thus, based on *Kroske* and other employment cases, the emotional distress component of Plaintiff's claims adds at least **$25,000.00** to Plaintiff's amount in controversy.

23.     Plaintiff also seeks a penalty of $750.00 under Labor Code section 1198.5(k) for the alleged failure to timely provide Plaintiff's personnel records. (Compl., ¶¶71-76.) While Defendants deny the validity and merit of Plaintiff's claim, for purposes of removal only, this adds $750.00 to Plaintiff's amount in controversy.

24.     Plaintiff also alleges waiting time penalties. (Compl., ¶¶77-83.) While Defendants deny the validity and merit of Plaintiff's waiting time penalties, for purposes of removal only, this amount is added to the amount in controversy by applying the maximum penalty authorized under Section 203 of the California Labor Code of 30

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

7

NOTICE TO FEDERAL COURT OF REMOVAL

1  days' pay. At $23.00 per hour, there is an estimated damages figure for this claim of
2  **$5,520.00** (30 days x 8 hours per day x $23.00).

3      25.    Plaintiff further seeks an award of reasonable attorneys' fees. (Compl.,
4  ¶¶ 30, 39, 56, 62, 69, 72, 76, 83 and Prayer for Relief.) Although Defendants dispute
5  that Plaintiff is entitled to any recovery, the California Fair Employment and Housing
6  Act, Government Code section 12940, *et seq.* (the "FEHA") authorizes an award of
7  reasonable attorneys' fees to a prevailing plaintiff with respect to Plaintiff's causes of
8  action for alleged FEHA violations. Cal. Gov't Code § 12965(b). In addition, there is
9  no dispute that at least some of the California wage and hour laws that form the basis
10 of the Complaint entitle a prevailing plaintiff to an award of attorneys' fees, such as
11 Labor Code sections 218.5, 226, 1194, and 1198.5. When authorized by statute,
12 attorneys' fees are included in the calculation of the amount of Plaintiff's claims to
13 determine whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS*
14 *Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute
15 authorizes an award of attorneys' fees, either with mandatory or discretionary language,
16 such fees may be included in the amount in controversy."); *Brady v. Mercedes-Benz*
17 *USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (stating that in deciding the
18 amount in controversy issue, the court may estimate the amount of reasonable attorneys'
19 fees likely to be recovered by plaintiff if she were to prevail). Although Plaintiff's
20 attorneys' fees cannot be precisely calculated, it is reasonable to assume they could
21 exceed a damages award. *Simmons*, 209 F. Supp. 2d at 1035; *see, e.g., Beaty v. BET*
22 *Holdings, Inc.*, 222 F.3d 607 (9th Cir. 2000) (recognizing that an award of attorneys'
23 fees in the amount of $376,520 may be appropriate in FEHA where compensatory
24 damages were only $30,000); *Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (affirming
25 award of attorney's fees and costs of $891,042). Plaintiff's demand for attorneys' fees
26 further increases the amount in controversy above the $75,000 threshold for Plaintiff.

27     26.    Plaintiff's Complaint also seeks exemplary/punitive damages. (Compl.,
28 ¶¶ 31, 40, 47, 57, 63, 70, 91, and Prayer for Relief.) The Court must take into account

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

8

NOTICE TO FEDERAL COURT OF REMOVAL

punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady*, 243 F. Supp. 2d at 1009. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under California Civil Code section 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In *Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge action where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id.* at 334. Thus, an award of punitive damages to Plaintiff could alone exceed the jurisdictional minimum for Plaintiff.

27. Plaintiff also seeks "other such relief as the Court deems just and proper." (Compl., Prayer for Relief.) Although uncertain in amount, these unspecified damages increase the amount in controversy. *See, Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though she pled in the complaint that she did not assert a claim in excess of $75,000).

28. Based on the foregoing, it does not appear to a "legal certainty that the claim is really for less than" the amount in controversy minimum. *Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). Thus, Defendants have

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

9

NOTICE TO FEDERAL COURT OF REMOVAL

more than carried their burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter clearly exceeds the jurisdictional minimum of $75,000.00 for Plaintiff.

29. For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to Section 1332, and which may be removed by Defendants to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

## NOTICE TO STATE COURT AND PLAINTIFFS

30. Concurrently with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to counsel for Plaintiff, Stalwart Law Group. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Orange.

Dated:    December 29, 2021

LITTLER MENDELSON, P.C.

*/s/ Arya A. Zare*
Tracy R. Williams
Arya A. Zare

Attorneys for Defendants
LOS ANGELES CUSTOM WINDOWS, INC. D/B/A RENEWAL BY ANDERSEN OF ORANGE COUNTY and ANDERSEN WINDOWS, INC.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

10

NOTICE TO FEDERAL COURT OF REMOVAL

## PROOF OF SERVICE BY MAIL

I am employed in Orange County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 18565 Jamboree Road, Suite 800, Irvine, California 92612.  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  On December 29, 2021, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446**

in a sealed envelope, postage fully paid, addressed as follows:

> Ji-In Lee Houck
> David Angeloff
> Cindy Hickox
> STALWART LAW GROUP
> MAILING ADDRESS:
> 8605 Santa Monica Blvd., PMB 72538
> West Hollywood, CA 90069
> PHYSICAL ADDRESS:
> 1100 Glendon Ave., Suite 1840
> Los Angeles, CA 90024
>
> Tel.:   310.954.2000
> Fax:   310.943.0303
> Email:       jiin@stalwartlaw.com
>           david@stalwartlaw.com
>           cindy@stalwartlaw.com
>
> Attorneys for Plaintiff,
> *Adalberto Oropeza*

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

11

NOTICE TO FEDERAL COURT OF REMOVAL

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 29, 2021, at Irvine, California.

_____
Cecilia Mendoza

4895-7145-0630.3 / 046550-1000

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

12

NOTICE TO FEDERAL COURT OF REMOVAL