# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
11/30/2021
CT Log Number 540665518

**TO:** Alan Bernick
Andersen Corporation
100 4th Ave N
Bayport, MN 55003-1096

**RE:** **Process Served in California**

**FOR:** Andersen Windows, Inc.  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ADALBERTO OROPEZA, an individual // To: Andersen Windows, Inc. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 30202101232832CUWTCJC |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/30/2021 at 10:51 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/01/2021, Expected Purge Date: 12/06/2021 |
| | Image SOP |
| | Email Notification,  Alan Bernick  alan.bernick@andersencorp.com |
| | Email Notification,  Donna Dingle  Donna.Dingle@ANDERSENCORP.COM |
| | Email Notification,  Nic Riederer  nicole.riederer@andersencorp.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / SH



## PROCESS SERVER DELIVERY DETAILS

**Date:**                    Tue, Nov 30, 2021

**Server Name:**             Carlos Canas

| Entity Served | ANDERSEN WINDOWS, INC. |
|---|---|
| Case Number | 30-2021-01232832-CU-WT-CJC |
| Jurisdiction | CA |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LOS ANGELES CUSTOM WINDOWS, INC. d/b/a RENEWAL BY ANDERSEN OF ORANGE COUNTY, a Delaware corporation; ANDERSEN WINDOWS, INC., a Minnesota corporation; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ADALBERTO OROPEZA, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Central Justice Center | CASE NUMBER: *(Número del Caso):* Judge David A. Hoffer |
|---|---|
| 700 Civic Center Drive West Santa Ana, CA 92701 | 30-2021-01232832-CU-WT-CJC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Cindy Hickox; Stalwart Law Group; 1100 Glendon Ave. Suite 1840, Los Angeles, CA 90024; 310-954-2000

| DATE: *(Fecha)* 11/19/2021 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by *(Secretario)* H. McMaster | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*  Hailey McMaster

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Andersen Windows, Inc., a Minnesota corporation

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | **FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE* |
| PLANTIFF: Adalberto Oropeza | |
| DEFENDANT: Los Angeles Custom Windows, Inc. et.al. | **Nov 23, 2021** |
| Short Title: OROPEZA VS. LOS ANGELES CUSTOM WINDOWS, INC. | Clerk of the Court<br>By: **Hailey McMaster**, Deputy |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2021-01232832-CU-WT-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>05/03/2022</u> at <u>09:00:00 AM</u> in Department <u>C42</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

<u>**IMPORTANT:**</u> Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html

<u>**IMPORTANTE:**</u> Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html

<u>**QUAN TRỌNG:**</u> Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html

Clerk of the Court,  By: *H. McMaster* _____ , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** OROPEZA VS. LOS ANGELES CUSTOM WINDOWS, INC.

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>**30-2021-01232832-CU-WT-CJC** |
| --- | --- |

I certify that I am not a party to this cause. I certify that a true copy of the above <u>Notice of Hearing</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at <u>Santa Ana</u>, <u>California</u>, on <u>11/23/2021</u>. Following standard court practice the mailing will occur at <u>Sacramento</u>, <u>California</u> on <u>11/24/2021</u>.

Clerk of the Court, by: *H. McMaster* _____ , Deputy

STALWART LAW GROUP
1100 GLENDON AVENUE # 1840
LOS ANGELES, CA 90024

**V3 1013a (June 2004)**   Code of Civil Procedure , § CCP1013(a)

Electronically Filed by Superior Court of California, County of Orange, 11/19/2021 04:41:12 PM.
30-2021-01232832-CU-WT-CJC - ROA # 5 - DAVID H. YAMASAKI, Clerk of the Court By Variely M. Masias, Deputy Clerk.
Case 8:21-cv-02083-CJC-DFM Document 1-3 Filed 12/13/21 Page 2 of 29 Page ID #: 19

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Ji-In Lee Houck (SBN 280088); Cindy Hickox (SBN 323016)<br>STALWART LAW GROUP, APC; 1100 Glendon Avenue, Suite 1840, Los Angeles,<br>CA 90024; MAILING ADDRESS: 8605 Santa Monica Blvd., PMB 72538, West<br>Hollywood, CA 90069<br>TELEPHONE NO.: 310-954-2000　　FAX NO.: 310-943-0303<br>ATTORNEY FOR *(Name):* Plaintiff Adalberto Oropeza | *FOR COURT USE ONLY* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Oropeza v. Los Angeles Custom Windows, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ **Counter**　☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 30-2021-01232832-CU-WT-CJC<br>JUDGE: Judge David A. Hoffer<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties　d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel　e. ☐ Coordination with related actions pending in one or more courts
   　　issues that will be time-consuming to resolve　　　in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence　f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary　b. ☐ nonmonetary; declaratory or injunctive relief　c. ☑ punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 19, 2021
Cindy Hickox
(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　▶　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
*case involves an uninsured*
*motorist claim subject to*
*arbitration, check this item*
*instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or*
*toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil*
*harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer*
*or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally*
*complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent*
*domain, landlord/tenant, or*
*foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
*drugs, check this item; otherwise,*
*report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex*
*case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-*
*domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
*above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-*
*harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified*
*above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

Case 8:21-cv-0125-DOC-KES Document 1-1 Filed 12/29/21 Page 2 of 59 Page ID #:21

Ji-In Lee Houck (SBN 280088)
*jiin@stalwartlaw.com*
David Angeloff (SBN 272929)
*david@stalwartlaw.com*
Cindy Hickox (SBN 323016)
*cindy@stalwartlaw.com*
**STALWART LAW GROUP**
MAILING ADDRESS:
8605 Santa Monica Blvd., PMB 72538
West Hollywood, CA 90069
PHYSICAL ADDRESS:
1100 Glendon Ave., Suite 1840
Los Angeles, CA 90024
Telephone: (310) 954-2000

Attorneys for Plaintiff ADALBERTO OROPEZA

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ORANGE

Assigned for All Purposes
Judge David A. Hoffer

| | |
|---|---|
| ADALBERTO OROPEZA, an individual, | Case No.: 30-2021-01232832-CU-WT-CJC |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **(1) DISABILITY DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT ("FEHA");** |
| LOS ANGELES CUSTOM WINDOWS, INC. d/b/a RENEWAL BY ANDERSEN OF ORANGE COUNTY, a Delaware corporation; ANDERSEN WINDOWS, INC., a Minnesota corporation; and DOES 1 through 10, inclusive, | **(2) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA;** |
| Defendants. | **(3) FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA;** |
| | **(4) FAILURE TO PREVENT DISCRIMINATION AND/OR RETALIATION IN VIOLATION OF FEHA;** |
| | **(5) RETALIATION FOR REQUESTS FOR ACCOMMODATION IN VIOLATION OF FEHA;** |

1
COMPLAINT

**(6) RETALIATION IN VIOLATION OF CALIFORNIA FAMILY RIGHTS ACT ("CFRA");**

**(7) FAILURE TO PROVIDE PERSONNEL FILE IN VIOLATION OF LABOR CODE § 1198.5;**

**(8) FAILURE TO TIMELY PAY FINAL WAGES AT TERMINATION IN VIOLATION OF LABOR CODE §§ 201-202; AND**

**(9) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**DEMAND FOR JURY TRIAL**

2

COMPLAINT

Plaintiff ADALBERTO OROPEZA (hereinafter referred to as "Plaintiff" or "OROPEZA") alleges as follows for his Complaint:

## THE PARTIES

1.     Plaintiff is an individual, who at all relevant times was and is a resident of Brea, California, in the County of Orange.

2.     Defendant Los Angeles Custom Windows, Inc. d/b/a Renewal by Andersen of Orange County (hereinafter referred to as "Renewal") is a Delaware corporation headquartered at 551 Main Street N, Bayport, MN 55003-1049. Plaintiff was hired by Renewal in 2018 and employed at the Renewal location at 22982 Alcalde Drive, Laguna Hills, California 92653 in Orange County.

3.     Defendant Andersen Windows, Inc. (hereinafter referred to as "Andersen") is a Minnesota corporation headquartered at 551 North Maine Street, Bayport, Minnesota 55003. Upon information and belief, Andersen acquired the Renewal location where Plaintiff worked in or around 2020 and became Plaintiff's employer.

4.     The true names and capacities, whether individual, corporate, partnership, associate, or otherwise, of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings referred to herein and caused injury and damage proximately thereby to Plaintiff as hereinafter alleged.  Plaintiff will seek to amend this Complaint to show the true names and capacities of the Defendants designated herein as DOES when the same have been ascertained.  Whenever in this Complaint reference is made to "Defendants," such allegation shall be deemed to mean the acts of Defendants acting individually, jointly, and/or severally.

5.     Plaintiff is informed and believes, and thereby alleges, that each of the Defendants herein was at all times the agent and/or employee of each of the remaining Defendants, and was at all times mentioned, acting within the course and scope of said agency and/or employment, and each Defendant was acting with the full knowledge and consent of his superior or principal,

and each such principal or superior at all times ratified and acquiesced in each and every act of each Defendant and agent thereof, and as such each Defendant bound the other by his act and deed.  Further, each of the Defendants aided, abetted, incited, compelled, and/or coerced one another, and/or conspired with one another, to do the acts alleged herein.

6.     Defendants Renewal and Andersen and DOES 1 through 10, collectively shall be referred to herein as "Defendants."

## VENUE

7.     Venue is proper in the Superior Court of Orange County because the County of Orange, State of California, is where the conduct, acts, inaction, statements, or omissions complained of in this Complaint took place.

## GENERAL ALLEGATIONS

8.     On or about June 11, 2018, Plaintiff began working for Renewal, as a full-time Installation Partner, assisting with the completion of installation of windows. At all relevant times, Plaintiff was qualified for his position and performed his duties in a reasonably competent manner.

9.     Within approximately one year, Plaintiff received a pay raise and in August 2019 was promoted to lead and earned another pay raise. On November 25, 2019, Plaintiff received another promotion, and another pay raise.

10.     On December 10, 2019, Plaintiff suffered serious workplace injuries. He fell off a 40-foot ladder and suffered injuries including a laceration to the forehead that required staples, musculoligamentous strain of the cervical spine, shoulder injury, musculoligamentous strain of the lumbosacral spine, second-degree ankle sprain, and knee injury.

11.     On or about the same day, Plaintiff began a leave of absence as a result of a workplace injury. Plaintiff's injuries to his forehead, ankle, back, and neck was a physical disability and serious health condition that limited Plaintiff's major life activities, including his ability to walk, lift, stand, bathe, and work.

12.     Upon information and belief, in or around 2020, Andersen acquired the Renewal business where Plaintiff was employed and became Plaintiff's employer.

13.     On or about October 6, 2020, Dr. Luigi Galloni issued a Qualified Medical Evaluation (QME) Report finding that Plaintiff was "temporarily partially disabled" and placed Plaintiff on work restrictions of no lifting more than 20 pounds and no prolonged standing and walking.

14.     Over three months later, on or about January 8, 2021, Plaintiff received a letter from Defendants on Andersen Windows & Doors letterhead indicating that the company had identified light duty work for him working in the paint shop with duties in line with his restrictions of no lifting more than 20 pounds and no prolonged standing and walking.

15.     On or about January 18, 2021, Plaintiff returned to work in Defendants' paint shop on modified duty.

16.     At first, it seemed that Defendants were accommodating Plaintiff's disability and respecting his work restrictions. However, on or about March 11, 2021, management revealed their true discriminatory intent. During a meeting with General Manager Charlie Gindele, Plaintiff's supervisors Manuel Chavez and Primo, a human resources representative named Erin told Plaintiff that the company could not have him sitting for 15 minutes every hour and if he needed to do that, he had to clock out and go home.

17.     On or about March 12, 2021, Plaintiff continued to sit for 15 minutes every hour in accordance with his work restrictions. In response, human resources representative Yuri told him he needed to clock out and go home.

18.     Plaintiff submitted time off requests for the following two workdays due to his ankle injury and the company's refusal to permit him to sit for 15 minutes every hour. These time off requests were approved.

19.     On or about March 17, 2021, Plaintiff attended a doctor's appointment for treatment for his workplace injuries. During his appointment, he received a phone call from Renewal notifying him that he was fired.

20.     Shortly thereafter, on or about March 18, 2021, Plaintiff submitted a written request for his personnel file. Defendants ignored Plaintiff's written request. On or about April 12, 2021, Plaintiff's counsel sent a second written request for Plaintiff's personnel file and

1  payroll records by overnight delivery. Renewal finally produced the requested records on May
2  20, 2021, over two months after Plaintiff made his written request.

3      21.     Renewal fired Plaintiff on March 17, 2021 but did not give Plaintiff his final
4  paycheck until March 24, 2021, over a week later.

5      22.     On November 9, 2021, Plaintiff filed a complaint of discrimination and related
6  claims against both Defendants with the Department of Fair Employment and Housing
7  ("DFEH"), thereby exhausting his administrative remedies. On that same date, the DFEH issued
8  Plaintiff a Right-to-Sue Notices. This action is filed within one year of all of Plaintiff's Right-to-
9  Sue Notices.

10                          **FIRST CAUSE OF ACTION**

11               **Disability Discrimination in Violation of FEHA**

12                    **Cal. Gov. Code § 12940 *et seq.***

13                       (Against All Defendants)

14      23.     Plaintiff incorporates herein by reference, as though fully set forth herein, each
15  and every allegation contained in paragraphs 1 through 22, inclusive of this Complaint.

16      24.     Defendants is an employer in the State of California, as defined in the California
17  Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12926.

18      25.     At all relevant times herein, Plaintiff was an employee of Defendants within the
19  meaning of Cal. Gov. Code § 12926. Defendants knew that Plaintiff had a physical disability,
20  (laceration to the forehead that required staples, musculoligamentous strain of the cervical spine,
21  shoulder injury, musculoligamentous strain of the lumbosacral spine, second-degree ankle
22  sprain, and knee injury), that limited his major life activities, including his ability to work for a
23  finite period of time, lift, stand, and walk. Plaintiff was able to perform the essential job duties
24  with reasonable accommodations for his physical disability.

25      26.     Defendants subjected Plaintiff to an adverse employment action when Defendants
26  terminated Plaintiff. Plaintiff's physical disability was a substantial motivating reason for
27  Defendants' decision to terminate Plaintiff. Plaintiff was harmed. Defendants' conduct was a
28  substantial factor in causing Plaintiff's harm.

27. As a direct and proximate result of Defendants' willful, knowing, and intentional discrimination against him, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish, emotional distress, and personal injuries. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

28. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer pain and suffering and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

29. As a direct and proximate result of Defendants' conduct, Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

30. As a further, direct and proximate result of Defendants' violation of Cal. Gov. Code § 12900 et seq., Plaintiff has been compelled to retain the services of counsel to enforce the terms and conditions of his employment relationship with Defendants, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to him. Plaintiff requests that attorneys' fees be awarded pursuant to Cal. Gov. Code § 12925.

31. Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Defendants described above was done with malice, fraud and oppression and with conscious disregard for his rights, and with the intent, design, and purpose of injuring him. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

**Failure to Engage in the Interactive Process in Violation of FEHA**

**Cal. Gov. Code § 12940 *et seq.***

(Against All Defendants)

32. Plaintiff incorporates herein by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 31, inclusive of this Complaint.

33.     Defendants is an employer in the State of California, as defined in FEHA, Cal. Gov. Code § 12926.

34.     At all relevant times herein, Plaintiff was an employee of Defendants within the meaning of Cal. Gov. Code § 12926.

35.     At all relevant times, Plaintiff had a physical disability. Defendants knew that Plaintiff had a physical disability that limited his major life activities. With a reasonable accommodation, Plaintiff could perform the essential requirements of his job. Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that Plaintiff would be able to perform the essential job requirements. Defendants failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodation could be made. Plaintiff was harmed and Defendants' failure to engage in a good-faith interactive process was a substantial factor in causing Plaintiff's harm.

36.     Plaintiff filed timely charges of failure to engage in the interactive process against Defendants with the DFEH, which issued right-to-sue notices to Plaintiff authorizing this lawsuit. Plaintiff has therefore exhausted his administrative remedies.

37.     As a direct and proximate result of Defendants' willful, knowing, and intentional discrimination against him, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish, emotional distress, and personal injuries. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

38.     As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against him, Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment damages in amounts to be proven at trial.

39.     As a further, direct and proximate result of Defendants' violation of Cal. Gov. Code § 12900 et seq., Plaintiff has been compelled to retain the services of counsel to enforce the terms and conditions of his employment relationship with Defendants, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently

1  unknown to him. Plaintiff requests that attorneys' fees be awarded pursuant to Cal. Gov. Code §

2  12925.

3      40.     Plaintiff is informed and believes and based thereon alleges that the outrageous

4  conduct of Defendants described above was done with malice, fraud and oppression and with

5  conscious disregard for his rights, and with the intent, design, and purpose of injuring him. By

6  reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum

7  according to proof at trial.

**THIRD CAUSE OF ACTION**

**Failure to Accommodate in Violation of FEHA**

**Cal. Gov. Code § 12940 *et seq.***

(Against All Defendants)

12     41.     Plaintiff incorporates herein by reference, as though fully set forth herein, each

13 and every allegation contained in paragraphs 1 through 40, inclusive of this Complaint.

14     42.     Defendants is an employer in the State of California, as defined in the FEHA, Cal.

15 Gov. Code § 12926.

16     43.     At all relevant times herein, Plaintiff was an employee of Defendants within the

17 meaning of Cal. Gov. Code § 12926. Plaintiff had a physical disability that limited his major life

18 activities. Defendant knew that Plaintiff had a physical disability that limited his major life

19 activities. Plaintiff was able to perform the essential job duties with reasonable accommodation

20 for his physical disability.

21     44.     Defendant failed to accommodate Plaintiff's disability in violation of FEHA as set

22 forth above. Plaintiff was harmed and Defendants' failure to provide reasonable accommodation

23 was a substantial factor in causing Plaintiff's harm.

24     45.     Plaintiff filed timely charges of failure to engage in the interactive process against

25 Defendants with the DFEH, which issues right-to-sue notices to Plaintiff authorizing this lawsuit.

26 Plaintiff has therefore exhausted his administrative remedies.

27     46.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered

28 and will continue to suffer damages, including, but not limited to, lost past and future wages and

9

COMPLAINT

1  benefits and emotional distress, all in an amount to be determined at trial and in excess of the
2  jurisdictional minimum of this court.

3      47.    Plaintiff is informed and believes, and thereon alleges, that Defendant, by
4  engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in
5  willful, malicious, fraudulent, intentional, oppressive and despicable conduct, and acted with
6  willful and conscious disregard of the rights, welfare and safety of Plaintiff.   Plaintiff should,
7  therefore, be awarded exemplary and punitive damages against Defendant, and each of them, in
8  an amount to be established that is appropriate to punish Defendant and deter others from
9  engaging in such conduct.

10  **FOURTH CAUSE OF ACTION**

11  **Failure to Prevent Discrimination and/or Retaliation in Violation of FEHA**

12  **Cal. Gov. Code § 12940 *et seq.***

13  (Against All Defendants)

14      48.    Plaintiff incorporates herein by reference, as though fully set forth herein, each
15  and every allegation contained in paragraphs 1 through 47, inclusive of this Complaint.

16      49.    Defendants is an employer in the State of California, as defined in FEHA, Cal.
17  Gov. Code § 12926.

18      50.    At all relevant times herein, Plaintiff was an employee of Defendants within the
19  meaning of Cal. Gov. Code § 12926.

20      51.    Plaintiff was subjected to discrimination and/or retaliation in the course of
21  employment in violation of the FEHA, Cal. Gov. Code § 12940, *et seq*. as set forth herein.

22      52.    Under FEHA, Cal. Gov. Code § 12940(k), an employer must take all reasonable
23  steps necessary to prevent discrimination from occurring.

24      53.    Defendants, through their managing agents and supervisors, should have but did
25  not take all reasonable steps necessary to prevent discrimination and/or retaliation from
26  occurring. Plaintiff was harmed, and Defendants' failure to take all reasonable steps to prevent
27  the discrimination and/or retaliation was a substantial factor in causing Plaintiff's harm.

28      54.    As a direct and proximate result of Defendants' willful, knowing, and intentional

failure to prevent discrimination and retaliation against him, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish, emotional distress, and personal injuries. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

55.     As a direct and proximate result of Defendants' willful, knowing and intentional retaliation against him, Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

56.     As a further, direct and proximate result of Defendants' violation of Cal. Gov. Code § 12900 *et seq.*, Plaintiff has been compelled to retain the services of counsel to enforce the terms and conditions of his employment relationship with Defendants, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to him. Plaintiff requests that attorneys' fees be awarded pursuant to Cal. Gov. Code § 12965.

57.     Plaintiff is informed and believes, and thereon alleges, that Defendants, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, fraudulent, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff.   Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendants, and each of them, in an amount to be established that is appropriate to punish Defendant and deter others from engaging in such conduct.

## **FIFTH CAUSE OF ACTION**

### **Retaliation for Requests for Accommodation in Violation of FEHA**

### **Cal. Gov. Code § 12940 *et seq.***

(Against All Defendants)

58.     Plaintiff incorporates herein by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 57, inclusive of this Complaint.

59.     Defendants is an employer in the State of California, as defined in the FEHA, Cal.

Gov. Code § 12926.

60.     Plaintiff engaged in protected activity when Plaintiff requested reasonable accommodations for his disability. Defendants terminated Plaintiff, and Plaintiff's request for reasonable accommodations was a substantial motivating reason for Defendants' decision to terminate Plaintiff. Plaintiff was harmed, and Defendants' decision to terminate Plaintiff was a substantial factor in causing Plaintiff harm.

61.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer pain and suffering and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

62.     As a direct and proximate result of Defendants' violation of Cal. Gov. Code § 12900 *et seq.*, Plaintiff has been compelled to retain the services of counsel to enforce the terms and conditions of his employment relationship with Defendants, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to him. Plaintiff requests that attorneys' fees be awarded pursuant to Cal. Gov. Code § 12965.

63.     Plaintiff is informed and believes, and thereon alleges, that Defendants, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, fraudulent, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff. Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendants in an amount to be established that is appropriate to punish Defendants and deter others from engaging in such conduct.

## SIXTH CAUSE OF ACTION

### CFRA Rights Retaliation in Violation of FEHA

### Cal. Gov. Code § 12940 *et seq.*

(Against All Defendants)

64.     Plaintiff incorporates herein by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 63, inclusive of this Complaint.

65.     Plaintiff was eligible for medical leave and requested medical leave. Plaintiff has worked for Defendants for over one year and has worked at least 1,250 hours of service in the past year. Defendants has over 5 employees working within a 75-mile radius.

66.     Plaintiff's request for and taking of medical leave was a substantial motivating reason for Defendants' wrongful termination of Plaintiff.

67.     Plaintiff was harmed, and Defendants' retaliatory conduct was a substantial factor in causing Plaintiff's harm.

68.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer pain and suffering and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

69.     As a direct and proximate result of Defendants' violation of Cal. Gov. Code § 12900 *et seq.*, Plaintiff has been compelled to retain the services of counsel to enforce the terms and conditions of his employment relationship with Defendants, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to him. Plaintiff requests that attorneys' fees be awarded pursuant to Cal. Gov. Code § 12965.

70.     Plaintiff is informed and believes, and thereon alleges, that Defendants, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, fraudulent, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff. Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendants in an amount to be established that is appropriate to punish Defendants and deter others from engaging in such conduct.

### SEVENTH CAUSE OF ACTION

**Violation of Labor Code § 1198.5**

(Against All Defendants)

71.     Plaintiff incorporates herein by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 70, inclusive of this Complaint.

72.     California Labor Code § 1198.5 requires an employer to allow inspection and copying of personnel file records within 30 days of a written request. The section provides for $750 penalty payable to the employee for violation and allows an employee to sue for injunctive relief and obtain an award of costs and attorneys' fees.

73.     Plaintiff submitted a written request for his personnel file records to Human Resources representative Yuri on or about March 18, 2021.

74.     Defendants did not provide Plaintiff with a copy of his personnel file within 30 days of a written request for the same.

75.     As a proximate result, Plaintiff has suffered injury as articulated under the California Labor Code.

76.     Plaintiff seeks an award of the statutory penalty, and order/injunction compelling compliance, and reasonable attorneys' fees and costs.

## EIGHTH CAUSE OF ACTION

### Failure to Pay Wages - Waiting Time Penalties

(Against All Defendants)

77.     Plaintiff incorporates herein by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 76, inclusive of this Complaint.

78.     At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

79.     Defendants terminated Plaintiff's employment on March 17, 2021. However, Defendants failed to pay Plaintiff all wages required to be paid by California Labor Code sections 201 and 202 at the time of discharge. Defendants did not pay Plaintiff his final wages until on or about March 24, 2021.

80.     Defendants' failure to pay Plaintiff his wages earned and unpaid at the time of discharge is in violation of California Labor Code §§201 and 202.

81.     California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall

1  continue as a penalty wage from the due date, and at the same rate until paid or until an action is

2  commenced; but the wages shall not continue for more than thirty (30) days.

3      82.    Plaintiff is entitled to recover from Defendants his additionally accruing wages

4  for each day he was not paid, at his regular hourly rate of pay, up to 30 days maximum pursuant

5  to California Labor Code § 203.

6      83.    Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, Plaintiff is entitled

7  to an award of reasonable attorneys' fees, interest, expenses, and costs incurred in this action.

8  <u>**NINTH CAUSE OF ACTION**</u>

9  **Wrongful Termination in Violation of Public Policy**

10  (Against All Defendants)

11      84.    Plaintiff incorporates herein by reference, as though fully set forth herein, each

12  and every allegation contained in paragraphs 1 through 83, inclusive of this Complaint.

13      85.    At all relevant times herein, Plaintiff was employed by Defendants.

14      86.    On or about March 17, 2021, Defendants terminated Plaintiff.

15      87.    Plaintiff is informed and believes that Plaintiff's request for a reasonable

16  accommodation, Plaintiff's CFRA leave, and Plaintiff's disability, were each a substantial

17  motivating reason for Plaintiff's discharge in violation of FEHA, Gov. Code § 12900 *et seq*.

18  Plaintiff was harmed, and Defendants' conduct was a substantial factor in causing Plaintiff's

19  harm.

20      88.    It is the public policy of the State of California, as expressed in FEHA, that

21  employees shall not be terminated because of their disabilities and/or requests for reasonable

22  accommodations of disabilities.

23      89.    By the aforesaid acts and omissions of Defendants, Plaintiff has been directly and

24  legally caused to suffer actual damages including, but not limited to, loss of earnings, reliance

25  damages, costs of suit and other pecuniary loss in an amount not presently ascertained, but to be

26  proven at trial.

27

28

90.     As a direct and proximate result of Defendants' willful, knowing, and intentional retaliation, Plaintiff has suffered and will continue to suffer emotional distress and other employment benefits and job opportunities in an amount to be determined at trial.

91.     Plaintiff is informed and believes, and thereon alleges, that Defendants, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, fraudulent, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff. Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendants in an amount to be established that is appropriate to punish Defendants and deter others from engaging in such conduct.

## **PRAYER FOR RELIEF**

WHEREFORE**,** Plaintiff prays judgment be entered in his favor and against Defendants, each of them, as follows:

1.     For general and special damages in an amount according to proof;

2.     For compensatory damages in an amount according to proof;

3.     For punitive damages in an amount according to proof;

4.     For reasonable costs of suit incurred;

5.     For pre-judgment interest and post-judgment interest on all damages awarded;

6.     For statutory penalties under the Labor Code;

7.     For reasonable attorney's fees and costs pursuant to statute, including but not limited to Gov. Code § 12965(b) according to proof; and

8.     For such other and further relief as the Court may deem just and proper.


Dated:  November 19, 2021               STALWART LAW GROUP

                                        By: _____
                                        **JI-IN LEE HOUCK**
                                        **DAVID ANGELOFF**
                                        **CINDY HICKOX**
                                        Attorney for Plaintiff ADALBERTO
                                        OROPEZA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

Plaintiff ADALBERTO OROPEZA hereby demands trial by jury on all issues so triable in the Complaint.

Dated:  November 19, 2021

STALWART LAW GROUP

By:_____

**JI-IN LEE HOUCK**
**DAVID ANGELOFF**
**CINDY HICKOX**
Attorney for Plaintiff ADALBERTO OROPEZA

S T A L W A R T
LAW GROUP

17

COMPLAINT

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE**

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

**TYPES OF ADR IN CIVIL CASES.**

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

### ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 250-4058
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):* | FOR COURT USE ONLY |
|---|---|

Telephone No.:                 Fax No. (Optional):
E-Mail Address (Optional):
ATTORNEY FOR *(Name):*           Bar No:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
           ☐ Under section 1141.11 of the Code of Civil Procedure
           ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____    _____    _____
                      (SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____    _____    _____
                      (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

 **CT Corporation**

**Service of Process Transmittal**
11/30/2021
CT Log Number 540665522

**TO:**  Alan Bernick
Andersen Corporation
100 4th Ave N
Bayport, MN 55003-1096

**RE:**  **Process Served in California**

**FOR:**  Los Angeles Custom Windows, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ADALBERTO OROPEZA, an individual // To: Los Angeles Custom Windows, Inc. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 30202101232832CUWTCJC |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/30/2021 at 10:51 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/01/2021, Expected Purge Date: 12/06/2021 |
| | Image SOP |
| | Email Notification,  Alan Bernick  alan.bernick@andersencorp.com |
| | Email Notification,  Donna Dingle  Donna.Dingle@ANDERSENCORP.COM |
| | Email Notification,  Nic Riederer  nicole.riederer@andersencorp.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                          Tue, Nov 30, 2021

**Server Name:**                   Carlos Canas

| | |
|---|---|
| Entity Served | LOS ANGELES CUSTOM WINDOWS, INC. |
| Case Number | 30-2021-01232832-CU-WT-CJC |
| Jurisdiction | CA |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td><b>FOR COURT USE ONLY</b><br><i>(SOLO PARA USO DE LA CORTE)</i></td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LOS ANGELES CUSTOM WINDOWS, INC. d/b/a RENEWAL BY ANDERSEN OF ORANGE COUNTY, a Delaware corporation; ANDERSEN WINDOWS, INC., a Minnesota corporation; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ADALBERTO OROPEZA, an individual,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

<table>
<tr>
<td>The name and address of the court is:<br><i>(El nombre y dirección de la corte es):</i> Central Justice Center<br><br>700 Civic Center Drive West<br>Santa Ana, CA 92701</td>
<td><b>CASE NUMBER:</b><br><i>(Número del Caso):</i> Judge David A. Hoffer<br><br>30-2021-01232832-CU-WT-CJC</td>
</tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Cindy Hickox; Stalwart Law Group; 1100 Glendon Ave. Suite 1840, Los Angeles, CA 90024; 310-954-2000

**DATE:** 11/19/2021        DAVID H. YAMASAKI, Clerk of the Court        **Clerk, by** _H. McMaster_ , **Deputy**
*(Fecha)*                                                                *(Secretario)*                                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*        Hailey McMaster

---

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Los Angeles Custom Windows, Inc. d/b/a Renewal by Andersen of Orange County, a Delaware corporation

   under: ☒ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]        **SUMMONS**        Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS:  700 W. Civic Center DRIVE<br>MAILING ADDRESS:  700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME:  Central Justice Center | **FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE* |
| PLANTIFF: Adalberto Oropeza | |
| DEFENDANT: Los Angeles Custom Windows, Inc. et.al. | **Nov 23, 2021** |
| Short Title: OROPEZA VS. LOS ANGELES CUSTOM WINDOWS, INC. | Clerk of the Court<br>By: **Hailey McMaster**, Deputy |
| **NOTICE OF HEARING<br>CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2021-01232832-CU-WT-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>05/03/2022</u> at  <u>09:00:00 AM</u> in Department <u>C42</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html

Clerk of the Court,  By: *H. McMaster* , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** OROPEZA VS. LOS ANGELES CUSTOM WINDOWS, INC.

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**30-2021-01232832-CU-WT-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 11/23/2021. Following standard court practice the mailing will occur at Sacramento, California on 11/24/2021.

Clerk of the Court, by: _H. McMaster_ , Deputy

STALWART LAW GROUP
1100 GLENDON AVENUE # 1840
LOS ANGELES, CA 90024

**V3 1013a (June 2004)**                                                    Code of Civil Procedure , § CCP1013(a)

Case 8:23-cv-01460-DOC-JDE Document 2/28/23 Page 36 of 59 Page ID #:49

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Ji-In Lee Houck (SBN 280088); Cindy Hickox (SBN 323016)<br>STALWART LAW GROUP, APC; 1100 Glendon Avenue, Suite 1840, Los Angeles,<br>CA 90024; MAILING ADDRESS: 8605 Santa Monica Blvd., PMB 72538, West<br>Hollywood, CA 90069<br>TELEPHONE NO.: 310-954-2000      FAX NO.: 310-943-0303<br>ATTORNEY FOR *(Name):* Plaintiff Adalberto Oropeza | *FOR COURT USE ONLY* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
 STREET ADDRESS: 700 Civic Center Drive West
 MAILING ADDRESS: 700 Civic Center Drive West
 CITY AND ZIP CODE: Santa Ana 92701
 BRANCH NAME: Central Justice Center

CASE NAME:
Oropeza v. Los Angeles Custom Windows, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] **Counter**  [ ] **Joinder**<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 30-2021-01232832-CU-WT-CJC<br>JUDGE: Judge David A. Hoffer<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [✓] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 19, 2021
Cindy Hickox
_____                    ► _____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed.  You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one.  If the case has multiple causes of action, check the box that best indicates the **primary** cause of action.  To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper.  Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex.  If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2.  If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action.  A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

Electronically Filed by Superior Court of California, County of Orange, 11/19/2021 04:41:13 PM.
30-2021-01232832-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.
Case 8:25-cv-021-23-DOC-KES  Document 1-1  Filed 12/29/23  Page 38 of 59  Page ID #:50

Ji-In Lee Houck (SBN 280088)
*jiin@stalwartlaw.com*
David Angeloff (SBN 272929)
*david@stalwartlaw.com*
Cindy Hickox (SBN 323016)
*cindy@stalwartlaw.com*
**STALWART LAW GROUP**
MAILING ADDRESS:
8605 Santa Monica Blvd., PMB 72538
West Hollywood, CA 90069
PHYSICAL ADDRESS:
1100 Glendon Ave., Suite 1840
Los Angeles, CA 90024
Telephone:  (310) 954-2000

Attorneys for Plaintiff ADALBERTO OROPEZA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**   Assigned for All Purposes
Judge David A. Hoffer

| | |
|---|---|
| ADALBERTO OROPEZA, an individual, | Case No.: 30-2021-01232832-CU-WT-CJC |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **(1) DISABILITY DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT ("FEHA");** |
| LOS ANGELES CUSTOM WINDOWS, INC. d/b/a RENEWAL BY ANDERSEN OF ORANGE COUNTY, a Delaware corporation; ANDERSEN WINDOWS, INC., a Minnesota corporation; and DOES 1 through 10, inclusive, | **(2) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA;** |
| Defendants. | **(3) FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA;** |
| | **(4) FAILURE TO PREVENT DISCRIMINATION AND/OR RETALIATION IN VIOLATION OF FEHA;** |
| | **(5) RETALIATION FOR REQUESTS FOR ACCOMMODATION IN VIOLATION OF FEHA;** |

1

COMPLAINT

**(6) RETALIATION IN VIOLATION OF CALIFORNIA FAMILY RIGHTS ACT ("CFRA");**

**(7) FAILURE TO PROVIDE PERSONNEL FILE IN VIOLATION OF LABOR CODE § 1198.5;**

**(8) FAILURE TO TIMELY PAY FINAL WAGES AT TERMINATION IN VIOLATION OF LABOR CODE §§ 201-202; AND**

**(9) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**DEMAND FOR JURY TRIAL**

Plaintiff ADALBERTO OROPEZA (hereinafter referred to as "Plaintiff" or "OROPEZA") alleges as follows for his Complaint:

## THE PARTIES

1. Plaintiff is an individual, who at all relevant times was and is a resident of Brea, California, in the County of Orange.

2. Defendant Los Angeles Custom Windows, Inc. d/b/a Renewal by Andersen of Orange County (hereinafter referred to as "Renewal") is a Delaware corporation headquartered at 551 Main Street N, Bayport, MN 55003-1049. Plaintiff was hired by Renewal in 2018 and employed at the Renewal location at 22982 Alcalde Drive, Laguna Hills, California 92653 in Orange County.

3. Defendant Andersen Windows, Inc. (hereinafter referred to as "Andersen") is a Minnesota corporation headquartered at 551 North Maine Street, Bayport, Minnesota 55003. Upon information and belief, Andersen acquired the Renewal location where Plaintiff worked in or around 2020 and became Plaintiff's employer.

4. The true names and capacities, whether individual, corporate, partnership, associate, or otherwise, of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings referred to herein and caused injury and damage proximately thereby to Plaintiff as hereinafter alleged. Plaintiff will seek to amend this Complaint to show the true names and capacities of the Defendants designated herein as DOES when the same have been ascertained. Whenever in this Complaint reference is made to "Defendants," such allegation shall be deemed to mean the acts of Defendants acting individually, jointly, and/or severally.

5. Plaintiff is informed and believes, and thereby alleges, that each of the Defendants herein was at all times the agent and/or employee of each of the remaining Defendants, and was at all times mentioned, acting within the course and scope of said agency and/or employment, and each Defendant was acting with the full knowledge and consent of his superior or principal,

1  and each such principal or superior at all times ratified and acquiesced in each and every act of

2  each Defendant and agent thereof, and as such each Defendant bound the other by his act and

3  deed.  Further, each of the Defendants aided, abetted, incited, compelled, and/or coerced one

4  another, and/or conspired with one another, to do the acts alleged herein.

5        6.    Defendants Renewal and Andersen and DOES 1 through 10, collectively shall be

6  referred to herein as "Defendants."

7                       **VENUE**

8        7.    Venue is proper in the Superior Court of Orange County because the County of

9  Orange, State of California, is where the conduct, acts, inaction, statements, or omissions

10  complained of in this Complaint took place.

11                **GENERAL ALLEGATIONS**

12        8.    On or about June 11, 2018, Plaintiff began working for Renewal, as a full-time

13  Installation Partner, assisting with the completion of installation of windows. At all relevant

14  times, Plaintiff was qualified for his position and performed his duties in a reasonably competent

15  manner.

16        9.    Within approximately one year, Plaintiff received a pay raise and in August 2019

17  was promoted to lead and earned another pay raise. On November 25, 2019, Plaintiff received

18  another promotion, and another pay raise.

19        10.    On December 10, 2019, Plaintiff suffered serious workplace injuries. He fell off a

20  40-foot ladder and suffered injuries including a laceration to the forehead that required staples,

21  musculoligamentous strain of the cervical spine, shoulder injury, musculoligamentous strain of

22  the lumbosacral spine, second-degree ankle sprain, and knee injury.

23        11.    On or about the same day, Plaintiff began a leave of absence as a result of a

24  workplace injury. Plaintiff's injuries to his forehead, ankle, back, and neck was a physical

25  disability and serious health condition that limited Plaintiff's major life activities, including his

26  ability to walk, lift, stand, bathe, and work.

27        12.    Upon information and belief, in or around 2020, Andersen acquired the Renewal

28  business where Plaintiff was employed and became Plaintiff's employer.

13.     On or about October 6, 2020, Dr. Luigi Galloni issued a Qualified Medical Evaluation (QME) Report finding that Plaintiff was "temporarily partially disabled" and placed Plaintiff on work restrictions of no lifting more than 20 pounds and no prolonged standing and walking.

14.     Over three months later, on or about January 8, 2021, Plaintiff received a letter from Defendants on Andersen Windows & Doors letterhead indicating that the company had identified light duty work for him working in the paint shop with duties in line with his restrictions of no lifting more than 20 pounds and no prolonged standing and walking.

15.     On or about January 18, 2021, Plaintiff returned to work in Defendants' paint shop on modified duty.

16.     At first, it seemed that Defendants were accommodating Plaintiff's disability and respecting his work restrictions. However, on or about March 11, 2021, management revealed their true discriminatory intent. During a meeting with General Manager Charlie Gindele, Plaintiff's supervisors Manuel Chavez and Primo, a human resources representative named Erin told Plaintiff that the company could not have him sitting for 15 minutes every hour and if he needed to do that, he had to clock out and go home.

17.     On or about March 12, 2021, Plaintiff continued to sit for 15 minutes every hour in accordance with his work restrictions. In response, human resources representative Yuri told him he needed to clock out and go home.

18.     Plaintiff submitted time off requests for the following two workdays due to his ankle injury and the company's refusal to permit him to sit for 15 minutes every hour. These time off requests were approved.

19.     On or about March 17, 2021, Plaintiff attended a doctor's appointment for treatment for his workplace injuries. During his appointment, he received a phone call from Renewal notifying him that he was fired.

20.     Shortly thereafter, on or about March 18, 2021, Plaintiff submitted a written request for his personnel file. Defendants ignored Plaintiff's written request. On or about April 12, 2021, Plaintiff's counsel sent a second written request for Plaintiff's personnel file and

1   payroll records by overnight delivery. Renewal finally produced the requested records on May

2   20, 2021, over two months after Plaintiff made his written request.

3       21.     Renewal fired Plaintiff on March 17, 2021 but did not give Plaintiff his final

4   paycheck until March 24, 2021, over a week later.

5       22.     On November 9, 2021, Plaintiff filed a complaint of discrimination and related

6   claims against both Defendants with the Department of Fair Employment and Housing

7   ("DFEH"), thereby exhausting his administrative remedies. On that same date, the DFEH issued

8   Plaintiff a Right-to-Sue Notices. This action is filed within one year of all of Plaintiff's Right-to-

9   Sue Notices.

## FIRST CAUSE OF ACTION

### Disability Discrimination in Violation of FEHA

### Cal. Gov. Code § 12940 *et seq.*

(Against All Defendants)

14      23.     Plaintiff incorporates herein by reference, as though fully set forth herein, each

15  and every allegation contained in paragraphs 1 through 22, inclusive of this Complaint.

16      24.     Defendants is an employer in the State of California, as defined in the California

17  Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12926.

18      25.     At all relevant times herein, Plaintiff was an employee of Defendants within the

19  meaning of Cal. Gov. Code § 12926. Defendants knew that Plaintiff had a physical disability,

20  (laceration to the forehead that required staples, musculoligamentous strain of the cervical spine,

21  shoulder injury, musculoligamentous strain of the lumbosacral spine, second-degree ankle

22  sprain, and knee injury), that limited his major life activities, including his ability to work for a

23  finite period of time, lift, stand, and walk. Plaintiff was able to perform the essential job duties

24  with reasonable accommodations for his physical disability.

25      26.     Defendants subjected Plaintiff to an adverse employment action when Defendants

26  terminated Plaintiff. Plaintiff's physical disability was a substantial motivating reason for

27  Defendants' decision to terminate Plaintiff. Plaintiff was harmed. Defendants' conduct was a

28  substantial factor in causing Plaintiff's harm.

27.     As a direct and proximate result of Defendants' willful, knowing, and intentional discrimination against him, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish, emotional distress, and personal injuries. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

28.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer pain and suffering and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

29.     As a direct and proximate result of Defendants' conduct, Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

30.     As a further, direct and proximate result of Defendants' violation of Cal. Gov. Code § 12900 et seq., Plaintiff has been compelled to retain the services of counsel to enforce the terms and conditions of his employment relationship with Defendants, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to him. Plaintiff requests that attorneys' fees be awarded pursuant to Cal. Gov. Code § 12925.

31.     Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Defendants described above was done with malice, fraud and oppression and with conscious disregard for his rights, and with the intent, design, and purpose of injuring him. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

**Failure to Engage in the Interactive Process in Violation of FEHA**

**Cal. Gov. Code § 12940 *et seq.***

(Against All Defendants)

32.     Plaintiff incorporates herein by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 31, inclusive of this Complaint.

33.     Defendants is an employer in the State of California, as defined in FEHA, Cal. Gov. Code § 12926.

34.     At all relevant times herein, Plaintiff was an employee of Defendants within the meaning of Cal. Gov. Code § 12926.

35.     At all relevant times, Plaintiff had a physical disability. Defendants knew that Plaintiff had a physical disability that limited his major life activities. With a reasonable accommodation, Plaintiff could perform the essential requirements of his job. Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that Plaintiff would be able to perform the essential job requirements. Defendants failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodation could be made. Plaintiff was harmed and Defendants' failure to engage in a good-faith interactive process was a substantial factor in causing Plaintiff's harm.

36.     Plaintiff filed timely charges of failure to engage in the interactive process against Defendants with the DFEH, which issued right-to-sue notices to Plaintiff authorizing this lawsuit. Plaintiff has therefore exhausted his administrative remedies.

37.     As a direct and proximate result of Defendants' willful, knowing, and intentional discrimination against him, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish, emotional distress, and personal injuries. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

38.     As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against him, Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment damages in amounts to be proven at trial.

39.     As a further, direct and proximate result of Defendants' violation of Cal. Gov. Code § 12900 et seq., Plaintiff has been compelled to retain the services of counsel to enforce the terms and conditions of his employment relationship with Defendants, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently

1    unknown to him. Plaintiff requests that attorneys' fees be awarded pursuant to Cal. Gov. Code §

2    12925.

3         40.    Plaintiff is informed and believes and based thereon alleges that the outrageous

4    conduct of Defendants described above was done with malice, fraud and oppression and with

5    conscious disregard for his rights, and with the intent, design, and purpose of injuring him. By

6    reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum

7    according to proof at trial.

8                              **THIRD CAUSE OF ACTION**

9                      **Failure to Accommodate in Violation of FEHA**

10                          **Cal. Gov. Code § 12940 *et seq.***

11                            (Against All Defendants)

12        41.    Plaintiff incorporates herein by reference, as though fully set forth herein, each

13   and every allegation contained in paragraphs 1 through 40, inclusive of this Complaint.

14        42.    Defendants is an employer in the State of California, as defined in the FEHA, Cal.

15   Gov. Code § 12926.

16        43.    At all relevant times herein, Plaintiff was an employee of Defendants within the

17   meaning of Cal. Gov. Code § 12926. Plaintiff had a physical disability that limited his major life

18   activities. Defendant knew that Plaintiff had a physical disability that limited his major life

19   activities. Plaintiff was able to perform the essential job duties with reasonable accommodation

20   for his physical disability.

21        44.    Defendant failed to accommodate Plaintiff's disability in violation of FEHA as set

22   forth above. Plaintiff was harmed and Defendants' failure to provide reasonable accommodation

23   was a substantial factor in causing Plaintiff's harm.

24        45.    Plaintiff filed timely charges of failure to engage in the interactive process against

25   Defendants with the DFEH, which issues right-to-sue notices to Plaintiff authorizing this lawsuit.

26   Plaintiff has therefore exhausted his administrative remedies.

27        46.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered

28   and will continue to suffer damages, including, but not limited to, lost past and future wages and

                                         9

benefits and emotional distress, all in an amount to be determined at trial and in excess of the jurisdictional minimum of this court.

47.     Plaintiff is informed and believes, and thereon alleges, that Defendant, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, fraudulent, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff.   Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendant, and each of them, in an amount to be established that is appropriate to punish Defendant and deter others from engaging in such conduct.

## FOURTH CAUSE OF ACTION

### Failure to Prevent Discrimination and/or Retaliation in Violation of FEHA

### Cal. Gov. Code § 12940 *et seq.*

(Against All Defendants)

48.     Plaintiff incorporates herein by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 47, inclusive of this Complaint.

49.     Defendants is an employer in the State of California, as defined in FEHA, Cal. Gov. Code § 12926.

50.     At all relevant times herein, Plaintiff was an employee of Defendants within the meaning of Cal. Gov. Code § 12926.

51.     Plaintiff was subjected to discrimination and/or retaliation in the course of employment in violation of the FEHA, Cal. Gov. Code § 12940, *et seq.* as set forth herein.

52.     Under FEHA, Cal. Gov. Code § 12940(k), an employer must take all reasonable steps necessary to prevent discrimination from occurring.

53.     Defendants, through their managing agents and supervisors, should have but did not take all reasonable steps necessary to prevent discrimination and/or retaliation from occurring. Plaintiff was harmed, and Defendants' failure to take all reasonable steps to prevent the discrimination and/or retaliation was a substantial factor in causing Plaintiff's harm.

54.     As a direct and proximate result of Defendants' willful, knowing, and intentional

failure to prevent discrimination and retaliation against him, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish, emotional distress, and personal injuries. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

55.     As a direct and proximate result of Defendants' willful, knowing and intentional retaliation against him, Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

56.     As a further, direct and proximate result of Defendants' violation of Cal. Gov. Code § 12900 *et seq.*, Plaintiff has been compelled to retain the services of counsel to enforce the terms and conditions of his employment relationship with Defendants, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to him. Plaintiff requests that attorneys' fees be awarded pursuant to Cal. Gov. Code § 12965.

57.     Plaintiff is informed and believes, and thereon alleges, that Defendants, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, fraudulent, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff.   Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendants, and each of them, in an amount to be established that is appropriate to punish Defendant and deter others from engaging in such conduct.

## FIFTH CAUSE OF ACTION

### Retaliation for Requests for Accommodation in Violation of FEHA

### Cal. Gov. Code § 12940 *et seq.*

(Against All Defendants)

58.     Plaintiff incorporates herein by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 57, inclusive of this Complaint.

59.     Defendants is an employer in the State of California, as defined in the FEHA, Cal.

Gov. Code § 12926.

60.     Plaintiff engaged in protected activity when Plaintiff requested reasonable accommodations for his disability. Defendants terminated Plaintiff, and Plaintiff's request for reasonable accommodations was a substantial motivating reason for Defendants' decision to terminate Plaintiff. Plaintiff was harmed, and Defendants' decision to terminate Plaintiff was a substantial factor in causing Plaintiff harm.

61.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer pain and suffering and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

62.     As a direct and proximate result of Defendants' violation of Cal. Gov. Code § 12900 *et seq.*, Plaintiff has been compelled to retain the services of counsel to enforce the terms and conditions of his employment relationship with Defendants, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to him. Plaintiff requests that attorneys' fees be awarded pursuant to Cal. Gov. Code § 12965.

63.     Plaintiff is informed and believes, and thereon alleges, that Defendants, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, fraudulent, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff. Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendants in an amount to be established that is appropriate to punish Defendants and deter others from engaging in such conduct.

## SIXTH CAUSE OF ACTION

### CFRA Rights Retaliation in Violation of FEHA

### Cal. Gov. Code § 12940 *et seq.*

(Against All Defendants)

64.     Plaintiff incorporates herein by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 63, inclusive of this Complaint.

65.     Plaintiff was eligible for medical leave and requested medical leave. Plaintiff has worked for Defendants for over one year and has worked at least 1,250 hours of service in the past year. Defendants has over 5 employees working within a 75-mile radius.

66.     Plaintiff's request for and taking of medical leave was a substantial motivating reason for Defendants' wrongful termination of Plaintiff.

67.     Plaintiff was harmed, and Defendants' retaliatory conduct was a substantial factor in causing Plaintiff's harm.

68.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer pain and suffering and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

69.     As a direct and proximate result of Defendants' violation of Cal. Gov. Code § 12900 *et seq.*, Plaintiff has been compelled to retain the services of counsel to enforce the terms and conditions of his employment relationship with Defendants, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to him. Plaintiff requests that attorneys' fees be awarded pursuant to Cal. Gov. Code § 12965.

70.     Plaintiff is informed and believes, and thereon alleges, that Defendants, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, fraudulent, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff. Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendants in an amount to be established that is appropriate to punish Defendants and deter others from engaging in such conduct.

### SEVENTH CAUSE OF ACTION

### Violation of Labor Code § 1198.5

(Against All Defendants)

71.     Plaintiff incorporates herein by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 70, inclusive of this Complaint.

72. California Labor Code § 1198.5 requires an employer to allow inspection and copying of personnel file records within 30 days of a written request. The section provides for $750 penalty payable to the employee for violation and allows an employee to sue for injunctive relief and obtain an award of costs and attorneys' fees.

73. Plaintiff submitted a written request for his personnel file records to Human Resources representative Yuri on or about March 18, 2021.

74. Defendants did not provide Plaintiff with a copy of his personnel file within 30 days of a written request for the same.

75. As a proximate result, Plaintiff has suffered injury as articulated under the California Labor Code.

76. Plaintiff seeks an award of the statutory penalty, and order/injunction compelling compliance, and reasonable attorneys' fees and costs.

## EIGHTH CAUSE OF ACTION

### Failure to Pay Wages - Waiting Time Penalties

(Against All Defendants)

77. Plaintiff incorporates herein by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 76, inclusive of this Complaint.

78. At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

79. Defendants terminated Plaintiff's employment on March 17, 2021. However, Defendants failed to pay Plaintiff all wages required to be paid by California Labor Code sections 201 and 202 at the time of discharge. Defendants did not pay Plaintiff his final wages until on or about March 24, 2021.

80. Defendants' failure to pay Plaintiff his wages earned and unpaid at the time of discharge is in violation of California Labor Code §§201 and 202.

81. California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall

1   continue as a penalty wage from the due date, and at the same rate until paid or until an action is

2   commenced; but the wages shall not continue for more than thirty (30) days.

3       82.     Plaintiff is entitled to recover from Defendants his additionally accruing wages

4   for each day he was not paid, at his regular hourly rate of pay, up to 30 days maximum pursuant

5   to California Labor Code § 203.

6       83.     Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, Plaintiff is entitled

7   to an award of reasonable attorneys' fees, interest, expenses, and costs incurred in this action.

8                           **NINTH CAUSE OF ACTION**

9                   **Wrongful Termination in Violation of Public Policy**

10                          (Against All Defendants)

11      84.     Plaintiff incorporates herein by reference, as though fully set forth herein, each

12  and every allegation contained in paragraphs 1 through 83, inclusive of this Complaint.

13      85.     At all relevant times herein, Plaintiff was employed by Defendants.

14      86.     On or about March 17, 2021, Defendants terminated Plaintiff.

15      87.     Plaintiff is informed and believes that Plaintiff's request for a reasonable

16  accommodation, Plaintiff's CFRA leave, and Plaintiff's disability, were each a substantial

17  motivating reason for Plaintiff's discharge in violation of FEHA, Gov. Code § 12900 *et seq*.

18  Plaintiff was harmed, and Defendants' conduct was a substantial factor in causing Plaintiff's

19  harm.

20      88.     It is the public policy of the State of California, as expressed in FEHA, that

21  employees shall not be terminated because of their disabilities and/or requests for reasonable

22  accommodations of disabilities.

23      89.     By the aforesaid acts and omissions of Defendants, Plaintiff has been directly and

24  legally caused to suffer actual damages including, but not limited to, loss of earnings, reliance

25  damages, costs of suit and other pecuniary loss in an amount not presently ascertained, but to be

26  proven at trial.

27

28

90.     As a direct and proximate result of Defendants' willful, knowing, and intentional retaliation, Plaintiff has suffered and will continue to suffer emotional distress and other employment benefits and job opportunities in an amount to be determined at trial.

91.     Plaintiff is informed and believes, and thereon alleges, that Defendants, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, fraudulent, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff. Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendants in an amount to be established that is appropriate to punish Defendants and deter others from engaging in such conduct.

## **PRAYER FOR RELIEF**

WHEREFORE**,** Plaintiff prays judgment be entered in his favor and against Defendants, each of them, as follows:

1.     For general and special damages in an amount according to proof;

2.     For compensatory damages in an amount according to proof;

3.     For punitive damages in an amount according to proof;

4.     For reasonable costs of suit incurred;

5.     For pre-judgment interest and post-judgment interest on all damages awarded;

6.     For statutory penalties under the Labor Code;

7.     For reasonable attorney's fees and costs pursuant to statute, including but not limited to Gov. Code § 12965(b) according to proof; and

8.     For such other and further relief as the Court may deem just and proper.

Dated:  November 19, 2021                    STALWART LAW GROUP

By: _____
**JI-IN LEE HOUCK**
**DAVID ANGELOFF**
**CINDY HICKOX**
Attorney for Plaintiff ADALBERTO
OROPEZA

16

1

**DEMAND FOR JURY TRIAL**

2          Plaintiff ADALBERTO OROPEZA hereby demands trial by jury on all issues so triable

3    in the Complaint.

4

5    Dated:  November 19, 2021

6                                                              STALWART LAW GROUP

7                                                              By:_____

8                                                              **JI-IN LEE HOUCK**

9                                                              **DAVID ANGELOFF**
                                                               **CINDY HICKOX**
10                                                             Attorney for Plaintiff ADALBERTO
                                                               OROPEZA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE**

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**INFORMATION PACKAGE**

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

    (1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

    (2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

    (3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

    (4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**   A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**   When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**   In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**   ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**   In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**   Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.**   If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 250-4058
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|

Telephone No.:                                    Fax No. (Optional):
E-Mail Address (Optional):
ATTORNEY FOR *(Name)*:                              Bar No:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____    _____    _____
                          (SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____    _____    _____
                          (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**